IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARL HUNTER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 07-0448-WS-B |
| | ) |
| CORPORAL SCOTT, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on the motion to remand filed by defendant Charles Edward Sherman on July 13, 2007. (Doc. 3). The remaining parties declined the opportunity to respond. (Doc. 4).

The complaint alleges that the plaintiff suffered personal injuries when he fell from a bunk bed at the Baldwin County Corrections Center. He faults defendants Scott and Lassiter for placing him in a dangerous position, and he faults defendants Sherman and Hadley for their medical attention, or inattention, immediately thereafter. The complaint asserts that the defendants thereby inflicted cruel and unusual punishment. The lawsuit was removed by defendant Scott on June 22, 2007, on the basis of federal question jurisdiction.

Sherman first argues that Scott's removal is procedurally defective because he (Sherman) "does not consent to the removal of this matter." (Doc. 3 at 2). While "[t]he unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal," *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001), "a defendant that has not been served with process need not join in or consent to removal." *GMFS, LLC v. Bounds*, 275 F. Supp. 2d 1350, 1354 (S.D. Ala. 2003) (cited by Sherman). Sherman does not allege, much less produce evidence, that he had been served with process as of June 22, 2007, and the mere fact that

he filed a motion to remand some three weeks later does not support an inference that he had been served as of removal.

Sherman also argues that the claim against him should be severed and remanded even though the federal claims against Scott and the other defendants remain in federal court. His argument articulates, and depends upon, three assumptions: (1) that the only claim against him is one under state law; (2) that the only kind of state claim that can be properly removed to federal court is one that is "separate and independent" of the federal claims, as that term is defined under Section 1441(c); and (3) that Section 1367, governing supplemental jurisdiction, applies only to cases originally filed in federal court, not to cases removed there. (Doc. 3 at 2-4). Sherman is wrong on all counts.

As noted, the complaint alleges that the defendants — Sherman included — subjected the plaintiff to "cruel and unusual punishment." Nevertheless, Sherman argues that, because the plaintiff challenges his medical care, he really asserts a case of "medical negligence," which is necessarily a state claim. (Doc. 3 at 2-3). However, "[t]he plaintiff is the master of the complaint [and] selects the claims that will be alleged in the complaint." *United States v. Jones*, 125 F.3d 1418, 1428 (11th Cir. 1997). The mere fact (if it be a fact) that the plaintiff *could have* brought a medical negligence claim is simply irrelevant. Nor is a constitutional claim of cruel and unusual punishment tantamount to a state claim of malpractice. *E.g., Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (cruel and unusual punishment is not established by "merely accidental inadequacy, negligen[ce] in diagnosi[s] or treat[ment], or even [m]edical malpractice actionable under state law") (internal quotes omitted).

Sherman is correct that the plaintiff's claim against him (assuming for argument that it is asserted under state law) is not "separate and independent" from his federal claims against the other defendants. *See In re: City of Mobile*, 75 F.3d 605, 608 (11th Cir. 1996) ("Where both federal and state causes of action are asserted as a result of a single wrong based on a common event or transaction, no separate and independent federal

claim exists under section 1441(c).").  But a state claim may be removed to federal court even if it is not separate and independent of the federal claims.  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ...."  28 U.S.C. § 1441(a).  When, as here, an action filed in state court contains both federal claims and related state claims, the entire action is removable under Section 1441(a); the retention of the state claims is dependent on the supplemental jurisdiction provisions of Section 1367, which apply in removal cases.  *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165-66 (1997); *accord Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 563 (2005).[1]  Sherman does not, and could not successfully, argue either that supplemental jurisdiction does not exist or that the Court should decline to exercise its supplemental jurisdiction.

    For the reasons set forth above, Sherman's motion to remand is **denied**.

    DONE and ORDERED this 16th day of August, 2007.

                                            s/ WILLIAM H. STEELE
                                            UNITED STATES DISTRICT JUDGE

---

[1] It is thus unsurprising that the Eleventh Circuit has routinely applied Section 1367 to actions removed from state court.  *E.g., Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1123 (11th Cir. 2005); *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002); *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001); *Engelhardt v. Paul Revere Life Insurance Co.*, 139 F.3d 1346, 1350 (11th Cir. 1998)